IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RUSSELL NEIL GATCH | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv770 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Movant Russell Neil Gatch, a prisoner at the United States Penitentiary in Marion, Illinois, proceeding *pro se*, filed this motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Factual Background and Prior Proceedings

On July 26, 2007, in the United States District Court for the Eastern District of Texas, pursuant to a written plea agreement, movant pleaded guilty to the offense of Attempted Enticement of a Person Under the Age of 18 to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b). On January 3, 2008, a judgment was entered sentencing movant to a term of 240 months imprisonment. Movant did not appeal his conviction or sentence.

The Motion to Vacate

Movant brings this motion asserting several claims alleging that he received ineffective assistance of counsel.

The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent asserts movant waived his right to contest his sentence as part of the plea agreement,

and the provision should be enforced. Further, the respondent asserts that movant's motion to vacate, set aside or correct sentence is barred by the applicable limitations provision of § 2255.

Analysis

*Limitations*

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations for the filing of a motion to vacate sentence. 28 U.S.C. § 2255, as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, more than one year had elapsed from the time movant's conviction became final until he filed this motion. Accordingly, movant's motion is barred by the statute of limitations.

Movant argues that subsection two of § 2255(f) should apply because he was confined at a county jail for a period of four months before being transferred to the Bureau of Prisons. Movant contends that the county jail at which he was confined lacked federal legal materials. Further,

movant contends he was confined in administrative segregation in the Special Housing Unit ("SHU") for a period of five months while he was in the Bureau of Prisons. Movant contends that he had only limited access to the law library while confined in administrative segregation. Additionally, movant argues he should be entitled to equitable tolling.

Movant's first argument raises a claim under 28 U.S.C. § 2255(f)(2) - a government-created impediment. That section provides that the one-year limitation period begins to run on the "date on which the impediment to filing an application created by governmental action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action." *See* 28 U.S.C. § 2255(f)(2). To invoke this section, a litigant must establish that: (1) he was prevented from filing a § 2255 motion (2) by government action (3) in violation of the Constitution or federal law. *See Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003) (interpreting a similar provision applicable to federal habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254). In Egerton, the Fifth Circuit held that an inadequate law library can constitute a "state-created impediment" such that statutory tolling is warranted in a *habeas* case under 28 U.S.C. § 2244(d)(1)(B), if it can be shown that a petitioner did not know about the relevant statute of limitations. *Egerton,* 334 F.3d at 437–38. However, a habeas petitioner cannot merely show that the law library or legal assistance is inadequate; he must also establish that the inadequacy actually prevented him from timely filing his petition. *Krause v. Thaler,* 637 F.3d 558, 561 (5th Cir. 2011). Movant has failed to show either that the inadequacy of the jail law library, government action, or his limited access while confined in the SHU actually prevented him from timely filing his motion to vacate.

3

Movant's generalized statement of alleged limited access to legal materials at the prison facility because he was confined in the SHU is insufficient to raise an issue of a government-created impediment.

With respect to Movant's second argument that he should receive equitable tolling of the limitation period, this argument is also without merit. The one-year statute of limitations can be equitably tolled only in cases presenting "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoted case omitted). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Further, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). Rather, "[e]quitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Id.* at 715, n. 14. Unfamiliarity with the legal process does not excuse the failure to comply with a statute of limitations. *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S.Ct. 504 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 170 (5th Cir. 2000) (proceeding *pro se* not sufficient to toll limitations).

Finally, a habeas petitioner has the burden of proving that he or she is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Here, movant has failed to demonstrate he exercised due dililgence regarding the assertion of his claims. Accordingly, he is not entitled to receive equitable tolling.

## Conclusion

For the reasons set forth above, movant's motion to vacate, set aside or correct sentence should be dismissed. Accordingly, it is

**ORDERED** that the above-styled motion to vacate, set aside or correct sentence is **DISMISSED**. A final judgment so providing will be entered by separately this date.

**SIGNED** this the **21** day of **May, 2012.**

_____
Thad Heartfield
United States District Judge